LANCASTER COUNTY ET AL. V. JENNIE E. BROWN.

FILED APRIL 5, 1906.   No. 14,174.

**Taxation: APPEAL: EVIDENCE.** On an appeal by a property owner from
a county board of equalization to the district court, on the sole
ground that his property has been valued for taxation at a sum
in excess of its real value, the sole question to be tried is, "What
was the actual value of the property in the market in the ordinary
course of trade?" This question is to be tried, in such a proceed-
ing, in the same manner in which similar issues are tried in
ordinary adversary actions between private persons,· and evidence
tending to show at what sums other similar property in the neigh-
borhood had been valued for taxation, in the same year, by the
assessor and his assistants and by the county board of equaliza-
tion is incompetent and immaterial.

ERROR to the district court for Lancaster county: ED-
WARD P. HOLMES, JUDGE. *Affirmed.*

*J. L. Caldwell, Charles E. Matson* and *F. M. Tyrrell,*
for plaintiffs in error.

*E. E. Brown* and *Ricketts & Ricketts, contra.*

AMES, C.

Jennie E. Brown was, in the year 1904, the owner of cer-
tain dwelling house property situate in the city of Lincoln,
which the county assessor and his deputy valued and re-
turned for taxation at the sum of $31,850. She made com-
plaint to the county board sitting as a board of equaliza-
tion that the property did not exceed $20,000 in value and
asked to have the valuation reduced to that sum. The
county board took the matter into consideration and after
hearing testimony reduced the amount to $25,000. From
an order of the board fixing the valuation at the last
named sum an appeal was taken to the district court where
pleadings were filed as in cases of appeals in ordinary ad-
versary cases. The sole issue upon such pleading was
raised by a denial in the answer of the following allegation

in the petition: "The complainant alleges that the valuation of said premises as returned by the assessor and as reduced by the board of equalization for the purposes of taxation for the year 1904 is largely in excess of the actual value of said property as defined by the statute. That the value of said property in the market in the ordinary course of trade does not exceed the sum of $20,000." As the result of a trial the court sustained the contention of the plaintiff and adjudged the value of the property to be $20,000.

The county prosecutes error in this court upon two contentions: First, that the judgment is not supported by the evidence; and, second, that the court erred in excluding evidence tending to show at what sums other similar property in the neighborhood had been valued for taxation in the same year by the assessor and his assistants and by the county board of equalization. The latter contention cannot, in our opinion, be maintained. The statutes under which the proceeding is had, and having a bearing upon the questions involved in the controversy, are the following sections from the revenue act of 1903. (Comp. St. 1903, ch. 77, art. I.)

Section 12. "All property in this state not expressly exempt therefrom shall be subject to taxation, and shall be valued at its actual value which shall be entered opposite each item and shall be assessed at twenty per cent of such actual value.   *   *   *   Actual value as used in this act shall mean its value in the market in the ordinary course of trade."

Section 124. "Appeals may be taken from any action of the county board of equalization to the district court within twenty days after its adjournment, in the same manner as appeals are now taken from the action of the county board in allowance or disallowance of claims against the county.   *   *   *   The court shall hear the appeal as in equity without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof,

and any decision rendered therein shall be certified by the clerk of the court to the county clerk, who shall correct the assessment books in his office accordingly."

We find nothing in these enactments indicating a legislative intent that upon the trial of an issue like that presented in this case the district court shall make use of the functions of a board of equalization, and, except to aid in the exercise of such functions, the evidence offered could have been of no advantage. It was not evidence of the value of the property in question nor even of the value of the property to which it directly referred, but, at most, of the opinion as to the value of the latter mentioned property of persons who were not produced as witnesses in court or otherwise subjected to examination or cross-examination, and about whose competency or credit the court could officially, at least, know nothing. The sole issue raised by the pleadings was the question, "What was the actual value of the property in the market in the ordinary course of trade?" We can discover no ambiguity in the pleadings. The inquiry is very narrow and one with which the courts are accustomed to deal, and without doubt it should be tried and determined in all respects in the same manner in which similar questions are treated in ordinary actions between private litigants. Under the issues in this case the court has nothing to do with theories of taxation or questions of proportional valuation or methods of equalization. *Grimes v. City of Burlington*, 74 Ia. 123, 37 N. W. 106; *Lyons v. Board of Equalization*, 102 Ia. 1.

As respects the sufficiency of the evidence, seven competent witnesses were sworn, none of whom estimated the property at more than $20,000 in market value. No attempt was made to refute them, except by cross-examination as to the separate value of the buildings and conjectural values of the lots considered as unimproved, by which means some of them were induced to admit that the sum of the two items exceeded their valuation of the whole. It is not difficult to understand how such may

have been the case, or how the naked lots might have found a more active and competitive market than the same ground incumbered by large and expensive buildings. At all events, the cross-examination affects only the credibility of the witnesses, which the trial court was at least quite as capable of deciding upon as are we, and which we do not regard as having been shaken.

We are unable to discover any error in the record, and recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.