EDWARD A. HESS, APPELLEE, V. BOARD OF EQUALIZATION, BOONE COUNTY, APPELLANT.

3 N. W. (2d) 653

FILED MAY 1, 1942. No. 31300.

*Walter R. Johnson, Attorney General, Edwin Vail, William Keeshan* and *Raymond P. Medlin,* for appellant.

*Earl Hasselbalch, contra.*

*Perry, Van Pelt & Marti, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an appeal by the board of equalization for Boone county from a decree entered by the district court for Boone county, fixing the valuation of plaintiff's property for taxation purposes.

The record shows that Hess was the owner of 240 acres of land in Boone county. In 1939 the assessed valuation of this land with the improvements was $8,680. In 1940 the value of the improvements was increased from $460 to $1,700, thereby raising the assessed valuation of the property to $9,920. Hess complained that this valuation was too

high, and on June 13, 1940, the board of equalization, without taking evidence, made a blanket cut of 50 per cent. in all real estate valuations subject to the action of the state board of equalization. On July 19, 1940, Hess appealed to the district court for Boone county, claiming that the valuation of his property was still too high. On July 8, 1940, a hearing was had by the state board of equalization, and on July 26, 1940, it entered an order raising the assessed valuations of all property in Boone county to the amount of the original valuation by the board of equalization, less 21 per cent. This fixed the valuation of the Hess land and improvements at $7,835. The appeal from the order entered by the county board of equalization was tried in the district court, where a judgment was entered fixing the actual value of the property at the time of the hearing before the county board of equalization at $2,400. The board of equalization of Boone county appeals from this judgment.

The procedure followed in this case is similar to that pursued in *Homan v. Board of Equalization, ante,* p. 400, 3 N. W. (2d) 650. As determined in that case, it is the proper method to obtain a reduction of an individual assessment.

The only question in this case is the sufficiency of the evidence to sustain the judgment. The evidence of plaintiff was to the effect that the land was worth $10 an acre. The witness George W. Williams, a licensed real estate agent residing in Albion, testifies that the land is worth from $10 to $12.50 an acre. The witness J. H. Pieper testifies that the land was worth $10 an acre. The defendant's evidence consisted of a showing of the assessed valuation of similar lands. The trial court, in addition to hearing the evidence, made a personal inspection of the land itself. The statute, section 77-201, Comp. St. 1929, requires that all property subject to taxation shall be valued and assessed at its actual value and that in arriving at such value there shall be taken into consideration its value in the market in the ordinary course of trade. The language of the statute is plain and any attempt to add to the definition therein contained could serve no useful purpose.

We think the evidence is adequate to sustain the value placed upon this land for taxation purposes in accordance with section 77-201, Comp. St. 1929. This is particularly true in view of the trial court's action in making a personal examination of the lands involved.

The judgment of the district court is therefore affirmed and the valuation found by the district court shall, after the order of the state board of equalization is given effect, constitute the valuation of plaintiff's lands for taxation purposes for the years 1940 and 1941. See *Homan v. Board of Equalization, supra.*

AFFIRMED.