S. S. KRESGE COMPANY, APPELLANT, V. CARL W. JENSEN,
TREASURER, DOUGLAS COUNTY, NEBRASKA, ET AL., APPELLEES.

83 N. W. 2d 569

Filed June 14, 1957.   No. 34193.

*Young, Holm & Miller* and *John E. North,* for appellant.

*Eugene F. Fitzgerald, George C. Pardee, John C. Burke, Edward F. Fogarty, Bernard E. Vinardi,* and *William R. King,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for a declaratory judgment determining the rights and obligations of appellant with reference to its liabilities for personal property taxes for 1953. The parties defendant are Carl W. Jensen, treasurer for Douglas County, Nebraska; Metropolitan Utilities District of Omaha; the Municipal University of Omaha; the School District of Omaha; the City of Omaha; the County of Douglas; and the State of Nebraska. The trial court found against the appellant and dismissed the action. The appellant has appealed.

The appellant, whom we shall hereafter refer to as the company, is a Michigan corporation duly qualified to transact business in this state. It operates two retail stores in the city of Omaha. On April 20, 1953, the company filed its personal property tax return on its two stores covering the value of its stock inventories and the furniture and fixtures. The evidence is stipulated and consequently there is no question of fact to be here determined.

The company calculated the valuation of its inventory in its downtown store in the following manner: A physical inventory of all goods, wares, and merchan-

dise in the store was taken as of the close of business on December 31, 1952. This inventory was extended to show its cost value in the amount of $134,699. The amount of merchandise purchased in January and February 1953, amounting to $127,959, was added thereto, making a total of $262,658. The sales for the months of January and February 1953, amounted to $173,835. The percent of gross profit for these 2 months was shown to be $65,119. This latter item was deducted from the gross sales for January and February 1953, leaving a cost inventory for those months of $108,716. This item was deducted from the total cost of purchases made, leaving a cost inventory of $153,942, which it returned for assessment purposes. The company also reported the cost price of all furniture and fixtures at $117,994. It returned this item for taxation purposes at 50% of its cost, the same being $58,997. The total valuation of inventory and furniture and fixtures for tax purposes amounted to $212,939. By a similar method of calculation the inventory and furniture and fixtures at the South Omaha store were reported at $43,146 and $19,014 respectively. The total taxable value of the South Omaha store was therefore returned at $62,160.

The record shows that on July 28, 1953, the State Board of Equalization and Assessment increased the valuation of business schedules in Douglas County by 40 percent. On November 3, 1953, the county treasurer demanded a personal property tax on the downtown store on taxable valuation of $149,060 and an actual valuation of $298,120 instead of the total valuation of $212,939 as reported by the company. On the same day taxes were demanded on the personal property of the South Omaha store upon a taxable valuation of $43,510 based upon an actual valuation of $87,020, instead of the total valuation of $62,160 as reported by the company. On December 10, 1953, the company tendered $4,717.78 in payment of all taxes due on the

downtown store and $1,376.26 for all taxes due on the South Omaha store. The tendered payments were the amounts due on the 100 percent actual valuation fixed by the county board of equalization before the State Board of Equalization and Assessment made its order increasing the valuation of business schedules in Douglas County by 40 percent. The tenders were refused and this action commenced to compel their acceptance.

It will be noted that the company reported its inventories at its actual cost and the furniture and fixtures at 50 percent of cost. There is no evidence of any depreciated value of the furniture and fixtures. Assuming that the stipulated facts are sufficient to find that the furniture and fixtures were reported for assessment purposes at their actual value, the result would necessarily be the same as in the case of the stock inventories.

The State of Nebraska filed a special appearance by which it was asserted that it was subject to suit only in Lancaster County and that the district court for Douglas County was without jurisdiction. The special appearance was sustained. It is now contended that the State of Nebraska is a necessary party and that the district court for Douglas County was without jurisdiction to hear the action. This issue was determined in Offutt Housing Co. v. County of Sarpy, 160 Neb. 320, 70 N. W. 2d 382, wherein we said: "Relying solely upon section 25-21,159, R. R. S. 1943, defendants also argued that the state was a necessary party defendant, thus there was a defect of parties. We conclude that the contention has no merit. * * * This court has uniformly entertained jurisdiction in cases brought to enjoin the collection of void taxes wherein only the county in which the property is located and the county treasurer thereof have been made parties defendant. Rothwell v. Knox County, 62 Neb. 50, 86 N. W. 903; Y. M. C. A. of Omaha v. Douglas County, 60 Neb. 642, 83 N. W. 924, 52 L. R. A. 123. See, also, 28 Am. Jur., Injunc-

tions, § 275, p. 450." The State of Nebraska is not a necessary party in an action by a taxpayer for a declaratory judgment attacking the validity of an assessment brought against the county treasurer and the county in which the property was assessed.

It is the contention of the company that it reported its stock inventories and furniture and fixtures to the assessor of Douglas County at actual value and that the 40 percent increase ordered by the State Board of Equalization and Assessment had the effect of taxing the property included in its business schedules at 140 percent of actual value. It contends that this is unlawful under section 77-201, R. S. Supp., 1953, which in part provides: "All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued at its actual value which shall be entered opposite each item and shall be assessed at fifty per cent of such actual value." It will be observed that in the instant case the company assumes that the cost of its stock inventory is its actual value. This, of course, is not so. The statute defines actual value as the value in the market in the ordinary course of trade. § 77-112, R. R. S. 1943. The cost of a stock of merchandise is not its actual value although it may be evidence properly to be considered in determining actual value. Actual value is largely a matter of opinion. There are no yardsticks by which it can be determined with complete accuracy.

The Constitution of this state provides that necessary revenue shall be raised by taxation in such manner as the Legislature may direct. It provides also that taxes shall be levied uniformly and proportionately upon all tangible property and franchises with one exception not material here. It further provides that the Legislature may prescribe standards and methods for the determination of the value of real and other tangible property at uniform and proportionate values. Art VIII, § 1, Constitution. Pursuant to these provisions

the Legislature has provided the method of determining the value of tangible property for tax purposes. The principal ground relied on here is the alleged fact that the stocks of merchandise and furniture and fixtures of the company were valued by the county board of equalization at their full and actual value, and that the proposed increase ordered by the State Board of Equalization and Assessment will result in the overvaluation of the property and operate to compel it to pay taxes on property in excess of its actual value contrary to section 77-201, R. S. Supp., 1953.

We point out that the company listed its stock of merchandise and furniture and fixtures and placed its own value thereon. This value was accepted by the county board of equalization and the company took no exception thereto, nor did it appeal therefrom. It is therefore a finding by the county board of equalization, acting quasi-judicially, of the actual value of the property for tax purposes. But it is only one step in determining the value of the property for taxation purposes. After the county board of equalization has fairly and impartially equalized the valuations and heard grievances and complaints regarding the assessments made, and acted to review and correct the same, it is the duty of the State Board of Equalization and Assessment to equalize assessments between the different counties to effectuate the uniformity and proportionate value provisions of the Constitution. In accomplishing this purpose the State Board of Equalization and Assessment is empowered to increase or decrease the aggregate valuation of any county by a percentum. Upon certification of such increase or decrease to the county clerk, it is mandatory upon such clerk to put the order in effect. As has been stated, such an order was made in the instant case increasing the value of property listed as business schedules by 40 percent. The company did not appeal from this order. Consequently, the method of attaining the taxable value

of the company's property as prescribed by the Legislature was followed and no appeals taken therefrom.

It is the function of the county board of equalization to determine the actual value of the property for taxation purposes. While the county board of equalization acts in a quasi-judicial capacity and its valuations are final as to individual taxpayers unless appealed from, such valuations are subject to the powers of the State Board of Equalization and Assessment, which powers have been described by this court as being purely incidental to a proper equalization of the assessment of the different counties of the state as returned to that body. Hacker v. Howe, 72 Neb. 385, 101 N. W. 255. Both the county board of equalization and the State Board of Equalization and Assessment, however, must give effect to the constitutional requirement that taxes must be levied uniformly and proportionately upon all tangible property. It is evident that actual value and a uniform and proportionate value may not always result in identical results. In dealing with such a situation arising in this state, the Supreme Court of the United States said: "This Court holds that the right of the taxpayer whose property alone is taxed at 100 per cent of its true value is to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute. The conclusion is based on the principle that where it is impossible to secure both the standard of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law." Sioux City Bridge Co. v. Dakota County, 260 U. S. 441, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979. It could well be added that the application of this principle to the findings of the county board of equalization makes it possible for the State Board of Equalization and Assessment to fairly equalize between counties without doing injustice to individual taxpayers. We necessarily con-

clude that as to an individual taxpayer the remedy for overvaluation or a failure to receive a uniform and proportionate valuation of his property at the hands of the county board of equalization is by direct appeal to the courts and not by a collateral attack. Hacker v. Howe, *supra;* Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489; County of Howard v. State Board of Equalization & Assessment, 158 Neb. 339, 63 N. W. 2d 441; LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455. There is no contention here made that the assessment made by the county board of equalization is void, or that it resulted from willful discrimination or other fraudulent conduct on the part of the assessment or equalization officers. The assessments fixed by the county board of equalization are therefore valid and not subject to collateral attack.

It is contended that the action of the State Board of Equalization and Assessment in raising the value of all business schedules in Douglas County by 40 percent, including the property here in question, has increased the taxable value of the property to 140 percent of actual value. No appeal was taken from the order of the state board by the company and, in fact, the validity of its order is not questioned. The company is now in no position to question the validity of the order of the State Board of Equalization and Assessment. LeDioyt v. County of Keith, *supra;* Hess v. Board of Equalization of Boone County, 141 Neb. 405, 3 N. W. 2d 653; Homan v. Board of Equalization of Boone County, 141 Neb. 400, 3 N. W. 2d 650.

The contention that the order of the State Board of Equalization and Assessment had the effect of raising the taxable value of the company's property in excess of its actual value has no merit. In County of Howard v. State Board of Equalization & Assessment, *supra,* this court said: "The cited case pointed out that any taxpayer who deemed his property not fairly assessed with respect to other property in the county was privileged

to resort to the county board of equalization for correction of such inequity. If the taxpayer failed to avail himself of such a remedy, then he had no ground for complaint of the subsequent action of the State Board in raising or lowering valuations of the county even though the result thereof might be the assessment of his individual property on a basis in excess of actual value." See, also, Bunten v. Rock Springs Grazing Assn., 29 Wyo. 461, 215 P. 244; Columbia Terminals Co. v. Koeln, 319 Mo. 445, 3 S. W. 2d 1021; First Nat. Bank of Greeley v. Patterson, 65 Colo. 166, 176 P. 498.

The company relies on Webb & Jones v. Renfrew, 7 Okl. 198, 54 P. 448. This case appears to sustain the position taken by the appellant. We do not concur in the views expressed therein. An assessed valuation over and above actual value appears to be violative of the Oklahoma Constitution and is construed as being void as to the excess. In this state, overvaluation is an irregularity only which must be appealed to the courts if relief is desired, except where it involves a void, a willfully discriminatory, or a fraudulent assessment in which event a collateral attack may properly be made.

We conclude that the company is not entitled to the relief here sought. Its proper remedy was by appeal to the district court from the valuations fixed by the county board of equalization. Since it has failed to pursue this remedy, the company is now precluded from objecting to the valuation of its property for taxation purposes.

The judgment of the trial court is correct and its order dismissing the action is affirmed.

AFFIRMED.