BESS A. RICHARDS, APPELLEE AND CROSS-APPELLANT, V.
BOARD OF EQUALIZATION OF THAYER COUNTY, NEBRASKA,
ET AL., APPELLANTS AND CROSS-APPELLEES.
134 N. W. 2d 56

Filed March 26, 1965.   No. 35864.

Leonard J. Germer, for appellants.

J. L. Richards, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This case involves a controversy concerning the value
on January 1, 1963, of the east 35 feet of Lot 4, Block
16, Original Town of Hebron, Nebraska, for tax purposes.
The trial court found the actual value of the property
to be $15,500 and the assessed value to be $5,425.   The
county and the county board of equalization have ap-
pealed and the taxpayer has cross-appealed.

The subject property is located on the south side of
Lincoln Avenue, facing north.   It has a 35-foot front-
age and a depth of 165 feet.   It is occupied by a 1-story

brick building 35 feet wide and 120 feet long. The east line of the building adjoins the alley in Block 16. The evidence shows that the intersection of Lincoln Avenue and Fourth Street is the center of the commercial section of the town, and the closer to this intersection, the more valuable the property. The subject property is approximately one-half block west of this intersection.

The property is generally described as having outside walls of brick, with a plate glass front. It has a flat, composition roof. The basement is unfinished, but has a concrete floor, and is suitable for storage purposes. The interior finish of the building is plaster on brick. The building has water and sewer connections, and is steam-heated, fired with gas. There are two balconies in the building, one used and the other not. The front of the building is not modern. The ceilings are very high and the lighting average. The construction of the building is good and it is in good repair. The location is average and the building could, with some remodeling, be adapted to other uses than its present use as a retail dry-goods store.

The county assessor testified that the actual value of the property was ascertained by him on a cost of reproduction less depreciation basis in accordance with a cost data formula prepared by a professional appraisal firm. He stated that he made a personal inspection of the property and found it to be well constructed and in good repair. By the cost of reproduction method under the cost data formula, he determined the reproduction cost to be $36,894. He depreciated this reproduction cost as provided by the formula for a 34-year-old building by 46 percent, thereby fixing the value of the building at $19,920. To this was added the value of the lot, which was determined to be $2,355. After making minor deductions for inaccurate measurements and one additional year of depreciation, the actual value of the property for taxation purposes was fixed at $22,275. The appellants called a professional appraiser, who used substan-

tially the same cost of reproduction formula and a depreciation for 34 years of 45 percent and arrived at an actual value of the property of $22,100.

The evidence in behalf of the taxpayer shows that the subject property was constructed in 1929 and that it has been kept in good repair. No modernization of the building has been done since it was originally constructed. It presently rents for $150 per month. The upkeep averages $200 per year, taxes in 1963 were $765.94, and personal liability, plate glass, and fire insurance were shown to be approximately $100 per year.

Two realtors testified to a substantial downward trend in the market value of commercial buildings of this type in Hebron the past 4 years. They testified that several similar buildings in the town are vacant, some of which have stood vacant for the past 4 years. Each had similar buildings listed for sale which have not been sold even at much reduced prices from the original asking prices. Some reduction in value has been brought about by businesses in the downtown commercial area moving to the highway immediately east of the city. They testified to a very depressed market for this type of property over the last few years which has had the effect of reducing the market value of commercial buildings of this type. There was evidence of the value of other commercial buildings, alleged to be comparable to the subject property, which were asserted as evidence of a want of uniformity in the fixing of the actual value of the property here involved. This generally constitutes the evidence produced by the parties in support of their respective claims.

The applicable statute is section 77-112, R. R. S. 1943, which provides: "Actual value of property for taxation shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) com-

parison with other properties of known or recognized value; and (6) market value in the ordinary course of trade." For purposes of taxation, the terms actual value, market value, and fair market value mean exactly the same thing. Many elements enter into a determination of actual value, some of which are set out in the statute.

The evidence shows that the county assessor made a personal inspection of the property before fixing its value for taxation purposes. The presumption of correctness disappears, however, if there is competent evidence to the contrary and thereafter the reasonableness of the valuation fixed by the board of equalization is one of fact to be determined from the evidence unaided by presumption. Baum Realty Co. v. Board of Equalization, 169 Neb. 682, 100 N. W. 2d 730. An appeal to the district court from the action of a county board of equalization is triable as in equity and a further appeal to this court is tried de novo. The burden is on the complaining taxpayer to establish that the valuation for tax purposes is excessive. Adams v. Board of Equalization, 168 Neb. 286, 95 N. W. 2d 627.

The valuation fixed by the county board of equalization in the instant case is based primarily on a cost of reproduction less depreciation formula. The cost of reproduction less depreciation is but one element to be considered in determining actual value. The county board of equalization assumes that its valuation, having the support of any single element tending to establish actual value, requires the affirmance on appeal of the actual value determined by it. Such assumption is without substance. All available evidence of actual value is competent at all hearings on the issue. Consequently, on appeal to the district court all of the criteria of actual value is pertinent to the issue, including the elements set forth in section 77-112, R. R. S. 1943.

It is contended by the complaining taxpayer that the cost of reproduction less depreciation formula does not

produce actual value because of other elements of actual value shown by the evidence. The rent being paid for the use of the building is $1,800 per year. In considering this item and the expense of maintenance and taxes, an excessive valuation is indicated. The amount of rent, standing alone, under the evidence in this case, would indicate an actual value of $18,000, as the trial court found. There is evidence by realtors, who qualified as experts, that a change of conditions had occurred in Hebron during the prior 4 years which materially reduced the market value of commercial property. One such realtor testified that the reasonable market value of the subject property was $10,000. Another fixed it at $12,500, and a third had no opinion as to its actual value. Based solely on the expert opinion as to market value, the trial court concluded from this evidence alone that it would sustain a finding of $11,225 as the market value of the property. The court could properly find that the opinions of the experts unduly depressed the market value because of the failure of this type of property to sell in the market during the previous 4 years. The want of any market for a period of time does not necessarily mean an excessive reduction of actual value.

The evidence shows that the trial court during the trial made a personal inspection of the property and made findings of fact with reference thereto. The relative location was found to be average, but the desirability and functional use to be less than average. The depreciation was found to be more than average, and 1½ percent per year was found to be more realistic than the 46 percent for 34 years allowed by the reproduction cost less depreciation formula. After making corrections based on these findings, it was found that the actual value of the building based on reproduction cost less depreciation was $18,080. Adding the value of the lot in the amount of $2,355, the actual value of the property under the reproduction cost less depreciation formula is $20,435.

There is evidence in the record attempting to compare the actual valuation of the subject property with similar properties. Some were newer buildings that had been vacant for varying periods. Some had differences in location and use that affected their actual value. The evidence as to any discrimination between the subject property and other similar properties is not very helpful in the case. The existing differences in the criteria for establishing actual value because of comparisons as to location, use, age, rental value, and other pertinent considerations leads us to the view that such evidence does not support the contentions of the taxpayer.

It is true, as we have heretofore said in S. S. Kresge Co. v. Jensen, 164 Neb. 833, 83 N. W. 2d 569: "Actual value is largely a matter of opinion. There are no yardsticks by which it can be determined with complete accuracy." The evidence of the two experts on market value is only their opinions based on their training and experience. The trial court is not obliged to accept this evidence at its face value.

The trial court found that there were three elements set out in section 77-112, R. R. S. 1943, that were supported by evidence. The court found that the rental value of the property indicated an actual value of $18,000, that the reproduction cost less depreciation formula indicated a value of $20,435, and that the expert evidence as to market value indicated a value of $11,225. The location of the property was found to be average and consequently was not considered as tending to raise or lower the actual value as determined by other elements of actual value. The court also found that the evidence of comparisons with other properties of known or recognized value had no probative force. The trial court gave substantially equal weight to each of the applicable elements set forth in section 77-112, R. R. S. 1943, and fixed the value of the subject property on the three factors discussed at $16,530. The trial court then allowed a deduction of $1,030 for the below-average desirability

and functional use of the property. The trial court then fixed its actual value at $15,500 and its assessed value at 35 percent of this amount, the same being $5,425. We think the evidence supports the findings of the trial court.

There is a presumption that the county board of equalization properly performed its official duties in determining the actual value of the subject property for tax purposes, and that it acted on sufficient evidence in fixing its actual value. The presumption disappears when there is competent evidence to the contrary, as there is in the instant case. The reasonableness of the valuation made by the county board of equalization then becomes a question of fact to be determined from all the evidence tending to establish the actual value of the property. In determining this question, the fact-finding body will consider all pertinent evidence of actual value, including those contained in section 77-112, R. R. S. 1943, which are applicable. Leech, Inc. v. Board of Equalization, 176 Neb. 841, 127 N. W. 2d 917. This the trial court did in the instant case and its findings of fact are supported by the evidence.

The taxpayer has cross-appealed, asserting that the evidence shows the actual value does not exceed $12,500. For the reasons heretofore stated we cannot sustain this conclusion. The opinion evidence of the expert, placing the market value of the property at $12,500, is but a single factor in the determination of actual value. Like all opinion evidence, it may be given such weight as the trier of fact may determine in connection with all the evidence adduced on the question.

Our holding that the actual value of the property was $15,500 on January 1, 1963, under the evidence adduced, has the corollary effect of holding that it is not less than that amount. We necessarily conclude that the contention raised by the cross-appeal is not supported by the evidence and cannot be sustained.

The judgment of the district court is sustained by the evidence and it is affirmed.

AFFIRMED.