BOSS HOTELS COMPANY, A CORPORATION, APPELLEE, V. COUNTY OF HALL, STATE OF NEBRASKA, BOARD OF EQUALIZATION, APPELLANT.

157 N. W. 2d 868

Filed April 5, 1968. No. 36804.

Gerald B. Buechler and Robert E. Paulick, for appellant.

Frank B. Morrison, Sr., and Eisenstatt, Morrison, Higgins, Miller, Kinnamon & Morrison, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

McCown, J.

This case involves the valuation of plaintiff's property for tax purposes. The property consisted of the parking lot and hotel building, known as The Yancy Hotel, in Grand Island, Nebraska. The trial court found that the actual value of the property was $295,000, with an assessed value of $103,250. The defendant has appealed.

This action is a statutory proceeding under the provisions of sections 77-1510 and 77-1511, R. R. S. 1943. For the 1967 tax year, the Hall County board of equalization initially fixed the actual value of the property at $553,457 with an assessed value of $193,710. After protest by plaintiff, the county board of equalization reduced the assessed value to $154,334. The plaintiff appealed to the district court under the provisions of section 77-1510, R. R. S. 1943. In the district court, most of the evidence was introduced and received by stipulation. It included two complete and detailed appraisal reports made by two expert witnesses. One was for the plaintiff taxpayer and one for the defendant board of equalization initially fixed the actual value of the property at all statutory criteria in arriving at the actual value figures. The specific testimony of both appraisers was then taken with reference to the main points of variance in the appraisals. These variances were in three principal areas. Computation of reproduction or replacement costs was one, and the effect on income of reduced taxes was another. The third was that plaintiff's appraiser took into account comparable sales of comparable property while defendant's appraiser did not, although he acknowledged a "slow market." The evidence and testimony of the defendant's expert witness was that the actual value of the property was $350,000, which would fix an assessed value of $122,500. The evidence and testimony of the plaintiff's expert witness was that the actual value of the property was $295,000, which would fix an assessed value of $103,250. The court found that no evidence was introduced by either party in support

of the action of the defendant board of equalization, and that the evidence established that the action of the board was arbitrary and unreasonable. The court determined that the actual value, of the property was the sum of $295,000, and reduced the assessed value to $103,250.

The only real issue properly presented to this court is whether or not the judgment is sustained by the evidence. We conclude that it is. On this issue, the defendant relies on LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455, and particularly on statements in that case that the burden imposed on the complaining taxpayer is not met merely by showing a difference of opinion between his interested witnesses and the county assessor or the board of equalization. The LeDioyt case has no application here. Basically, that case involved a problem of discriminatory assessment in comparison with other property generally, and not a valuation of specific property in excess of its actual value. The statements with respect to witnesses were made with respect to interested witnesses, and not disinterested expert witnesses.

The applicable rule has been stated many times. In Richards v. Board of Equalization, 178 Neb. 537, 134 N. W. 2d 56, we said: "There is a presumption that the county board of equalization properly performed its official duties in determining the actual value of the subject property for tax purposes, and that it acted on sufficient evidence in fixing its actual value. The presumption disappears when there is competent evidence to the contrary, as there is in the instant case. The reasonableness of the valuation made, by the county board of equalization then becomes a question of fact to be determined from all the evidence tending to establish the actual value of the property." See, also, Josten-Wilbert Vault Co. v. Board of Equalization, 179 Neb. 415, 138 N. W. 2d 641.

In this case, the defendant's own expert witness intro-

duced competent evidence to destroy the presumption, and the only question remaining for determination was a question of fact as to the actual value of the property. No evidence was introduced by either party which would support the action of the board of equalization, and any presumption that its action was correct or reasonable was totally destroyed.

The defendant assigns numerous errors involving matters prior to hearing. These issues largely involve interlocutory action or orders subsequently changed or waived, and they are without merit.

The judgment of the district court was correct and is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.