192 N.W.2d 403 (1971)
187 Neb. 542
Sam R. CHUDOMELKA, Appellant,
v.
BOARD OF EQUALIZATION OF DODGE COUNTY, Nebraska, Appellee.
No. 37987.
Supreme Court of Nebraska.
December 10, 1971.
*404 Edward J. Robins, Fremont, for appellant.
McGrath, North, Nelson, Shkolnick & Dwyer, John E. North, Omaha, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.
*405 BOSLAUGH, Justice.
The plaintiff, Sam R. Chudomelka, is the owner of three tracts of farmland in Dodge County, Nebraska. The land is level bottomland lying several miles north and northwest of Ames, Nebraska. In 1969, the actual vaue of this land for tax purposes was increased from $69,025 to $148,000. Apparently, this was pursuant to a countywide reappraisal by Justin H. Haynes & Company.
The plaintiff filed protests with the Board of Equalization for Dodge County which fixed the value of the three tracts at $147,525 exclusive of improvements. The plaintiff then appealed to the district court where the value was again fixed at $147,525. The plaintiff has now appealed to this court. There is no cross-appeal.
The plaintiff alleged that the valuation made by the board of equalization was excessive and confiscatory and that the valuation previously determined was the true value of the land. There is no issue concerning the value of the improvements.
The only issue before the district court was the actual value of the land. Lancaster County v. Brown, 76 Neb. 286, 107 N.W. 576. For the purposes of taxation, the terms actual value, market value, and fair market value mean exactly the same thing. Richards v. Board of Equalization, 178 Neb. 537, 134 N.W.2d 56. Actual value is to be determined by using the applicable elements including those specified in section 77-112, R.S.Supp.1969.
The plaintiff testified in detail concerning each tract. His testimony indicated a combined value of from $78,000 to $84,000 for the three tracts. Charles M. Dake, a farmer who was familiar with the plaintiff's land, testified as to the value of two of the tracts. His testimony placed their value at a slightly higher amount than that of the plaintiff.
The plaintiff offered the testimony of four other witnesses on the issue of value. All were lay witnesses who were familiar with the plaintiff's land. Objections as to foundation for the testimony of these witnesses were sustained. The record shows that each of these witnesses had little or no information as to market conditions.
Either lay or expert witnesses may testify as to the value of property if it is shown that they have an acquaintance with the property and are informed as to the state of the market. Lansman v. State, 177 Neb. 119, 128 N.W.2d 569. The competency of a witness to testify as to value is a matter within the discretion of the trial court. Aurora Hotel, Inc. v. Board of Equalization, 140 Neb. 511, 300 N.W. 419. The record does not show an abuse of discretion in this case.
The defendant produced the testimony of Josef A. Jackson, an expert appraiser, who fixed the value of the land at $149,600. Jackson is employed as a farm loan supervisor by the Kansas City Life Insurance Company. He was previously employed by the Doane Agricultural Service and the Justin Haynes Company. He has had 14 years of experience in appraising farmland.
In arriving at his opinion, Jackson used both a market data approach and an income capitalization approach. In the market data approach he used six sales of similar land for comparison. He analyzed each transaction and explained in detail the similarities and differences between the tracts involved. In the income capitalization approach he used a combination of information obtained from the plaintiff, the ASC office, and standard analysis or assumed data to obtain an income figure. He then capitalized the owner's share at 5.5 percent to arrive at a valuation.
In a third approach, referred to as summation or cost, he classified the farmland in each tract and assigned a value per acre determined from an analysis of market data.
The only sale referred to by the plaintiff was a sale of a 40-acre tract known as the *406 Finnegan Estate in the fall of 1968. The Finnegan land was located directly east of the 80-acre tract owned by the plaintiff. Jackson was familiar with this sale but disregarded it because he considered it a forced sale and not a sale at arm's length.
The evidence is that the Finnegan land sold for $385 per acre at public auction. This compares with the plaintiff's testimony that the value of his 80-acre tract was around $200 or $225 per acre. It is apparent that the values suggested by the plaintiff were unrealistic. The record fully sustains the valuation made by the county board of equalization and the district court.
The judgment of the district court is affirmed.
Affirmed.