IN RE APPEAL OF GERALD EUGENE RIEN ET AL., FROM THE ACTION OF THE BOARD OF EQUALIZATION OF SCOTTS BLUFF COUNTY, NEBRASKA.
GERALD EUGENE RIEN ET AL., APPELLANTS, V. BOARD OF EQUALIZATION OF SCOTTS BLUFF COUNTY, NEBRASKA, APPELLEE.
IN RE APPEAL OF GERALD A. MORRIS ET AL., FROM THE ACTION OF THE BOARD OF EQUALIZATION OF SCOTTS BLUFF COUNTY, NEBRASKA.
GERALD A. MORRIS ET AL., APPELLANTS, V. BOARD OF EQUALIZATION OF SCOTTS BLUFF COUNTY, NEBRASKA, APPELLEE.
209 N. W. 2d 144

Filed July 6, 1973. Nos. 38892, 38893.

Wright & Simmons, John F. Wright, and John F. Simmons, for appellants.

Marvin L. Holscher and W. H. Kirwin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

These are appeals from the Board of Equalization of Scotts Bluff County, Nebraska. Involved is the south half of Lot 3, and Lots 4 and 5, Block 13, Original Town. At the time of assessment in January 1971, there were two 4-unit apartment buildings on Lot 5 which had been completed in September and November 1970. Lot 5 was assessed at $75,000 and the south half of Lot 3 and Lot 4 at $8,000. Also involved are 6 and 12-unit apartment buildings located on part of Lots 1 and 2, of 5th and 27th subdivision. These properties were assessed at $60,000 and $125,000 respectively. The trial court sustained the actions of the Board of Equalization and we affirm those judgments.

No question regarding equalization of assessments is presented and the only issue is whether or not the assessed values exceed actual values. One of the owner-plaintiffs testified that construction of the apartment buildings was accomplished primarily with the labor of

plaintiffs. They did painting, cement. and carpenter·
work, laid brick and concrete blocks, etc. In figuring
costs of construction, the sum of $3 per hour was al-
lowed for such services. He fixed cost of construction
of the two 4-unit apartments at $61,083.07 but had no
similar figures on the other buildings. It appears he
had paid $6,000 for the site of the 4-unit apartments
and had demolished an old house on the property. The
site of the two larger apartments had been purchased·
for $12,500.

This witness valued the 4-unit apartment buildings
at his alleged cost of construction of $61,083.07. This
does not take into account the·value of the lots and
he offered no competent statement in this respect. He
placed a value of $40,000 and $80,000 on the 6 and
12-unit apartment properties and stated gross income
from them was $26,080.19 with a net income of $9,126.72.
He displayed little, if any, knowledge of current cash
market values of such properties.

A local real estate broker was called by plaintiffs. He
valued the 4-unit apartments at $60,000 and the 6 and
12-unit properties at $40,000 and $80,000 respectively.
His estimates were based on the cost and income factors.
He was unfamiliar with recent apartment house sales
in Scottsbluff.

All properties in Scotts Bluff County had been ap-
praised for taxation purposes· by· Justin H. Haynes &
Co. Representatives of this firm had made studies of
construction··costs and rental values in Scottsbluff and
also of·recent sales of various types of properties. Much
of the evidence offered ·was· refused or discounted on ·
the ground that it was based on hearsay or was· directed
to the ultimate question to be determined, namely,
values. Experts on real estate values are invariably
dependent upon information received from others in
determining construction costs, rental income and ex-
pense, and values for which comparative properties have
been sold. In fixing a market value on real property

which is the subject of assessment for tax purposes, they necessarily testify as to the ultimate issue. The properties were assessed in accordance with appraisals for tax purposes made by the Justin H. Haynes & Co. firm, professional appraisers. The evidence of the representatives of this firm tended to support the assessments made.

The burden of proof is upon a taxpayer to establish that the value of his property has been arbitrarily or unlawfully fixed in an amount greater than its actual value. See Lexington Building Co., Inc. v. Board of Equalization, 186 Neb. 821, 187 N. W. 2d 94. The court must affirm the action taken by the board of equalization unless it is established that its action was arbitrary or unreasonable. See § 77-1511, R. R. S. 1943.

The trial court found that plaintiffs had failed to sustain this burden of proof, a finding with which we are inclined to agree. Plaintiffs' evidence as to construction costs failed to take into account the high cost of skilled labor and their estimate of value based on cost failed to include the value of the land. Their estimate of expenses of operation was conclusionary in nature without verification by the production of books or bank accounts. Their expert witness was rather thoroughly impeached when he admitted ignorance of comparative sales in the city and relied largely on figures as to net income and construction costs supplied by plaintiffs.

The plaintiffs have failed to sustain their burden of proof and the evidence will not sustain a finding of arbitrary or unreasonable assessments. The judgments of the District Court are affirmed.

AFFIRMED.