EDITHA OTRADOVSKY, APPELLANT, V. BOARD OF EQUALIZATION OF THE COUNTY OF COLFAX, STATE OF NEBRASKA, APPELLEE.

294 N. W. 2d 334

Filed June 24, 1980. No. 42865.

L. F. Otradovsky of Otradovsky & Bieber, for appellant.

J. H. Hoppe, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This appeal involves a dispute over the valuation for tax purposes of 74 acres of farmland in Colfax County, Nebraska, owned by the plaintiff, Editha Otradovsky. In 1978, the plaintiff filed a protest with the County Board of Equalization requesting that the assessed value of the 74 acres be reduced from $60,980 to $58,516. The protest alleged that the land had been erroneously classified as irrigated land because 59 of the 74 acres could not be irrigated from any well on the plaintiff's land.

The County Board of Equalization made no change in the valuation, and on appeal to the District Court for Colfax County, Nebraska, the order of the County Board of Equalization was affirmed. The plaintiff has appealed to this court.

An appeal from a county board of equalization is heard as in equity and is tried de novo in this court. *H/K Company v. Board of Equalization,* 175 Neb. 268, 121 N.W.2d 382 (1963).

In an appeal from a county board of equalization on the ground that the property has been valued in excess of its actual value, the sole issue to be determined is the actual value of the property. *Chudomelka v. Board of Equalization,* 187 Neb. 542, 192 N.W.2d 403 (1971).

There is a presumption that the valuation made by a board of equalization is correct. However, this presumption disappears when competent evidence to the contrary is introduced. The reasonableness of the valuation then becomes a question of fact to be determined from the evidence. *Boss Hotels Co. v.*

*County of Hall,* 183 Neb. 19, 157 N.W.2d 868 (1968). The burden of proof remains upon the party contesting the valuation to establish that the valuation was incorrect. *Leech, Inc. v. Board of Equalization,* 176 Neb. 841, 127 N.W.2d 917 (1964).

The plaintiff produced no direct evidence in this case as to the actual value of the land. The parties stipulated that the 59 acres in dispute had been classified as irrigated land by the J. M. Cleminshaw Co.; 51 acres had been classified 2A and valued at $565 per acre; 8 acres had been classified as 3A and valued at $450 per acre; the county assessor had adopted these classifications and valuations; the plaintiff contended that the 59 acres should be classified as nonirrigated land; 51 acres should be classified as 2DI and valued at $445 per acre; and 8 acres should be classified as 2D and valued at $365 per acre. The stipulation attempted to limit the determination by the trial court to a choice between the two valuations.

The plaintiff called as a witness Roland Langemeier, a real estate broker who has leased the land since 1970. Langemeier and his associates now own adjoining property and farm it as a unit with the plaintiff's land. The land leased from the plaintiff is irrigated by a center pivot system located on the Langemeier land and supplied by a well located on the Langemeier land.

Langemeier testified that the 59 acres was unsuited for gravity irrigation and it was doubtful whether it would be practical to irrigate the 59 acres by a sprinkler system from a well on the land. If the land were to be rented or sold to someone else, it was probable that it would be considered to be dryland.

The problem in this case is that there is no evidence as to the actual value of the land in question or that the value established by the County Board of Equalization was excessive or unreasonable. The

classification of the land as irrigated or dryland does not alone establish the actual value of the land. The classification is only one of many factors to be considered in determining the actual value.

As we stated in *County of Gage v. State Board of Equalization & Assessment,* 185 Neb. 749, 178 N.W.2d 759 (1970):

> The Constitution requires that such a property tax be "* * * levied by valuation uniformly and proportionately upon all tangible property * * *." Examination of the record discloses extensive divergence among witnesses of all categories in their understanding of the meaning of uniform values in the constitutional tax context. *Many witnesses seem to assume that real property taxes may be equalized if property is classified, and the same values applied to the same classifications of property in all counties. The Constitution itself flatly contradicts such a conclusion.* Art. VIII, § 1, Constitution of Nebraska.
>
> The Legislature has attempted to define "actual value" for purposes of taxation by application of a formula "where applicable." § 77-112, R. R. S. 1943. While the items of the formula are all related to value, those which are factors in determining value are by no means the only factors which enter into the valuation of property for taxation. As this court said in Richards v. Board of Equalization, 178 Neb. 537, 134 N.W.2d 56: "For purposes of taxation, the terms actual value, market value, and fair market value mean exactly the same thing. Many elements enter into a determination of actual value, some of which are set out in the statute."
>
> We suspect that the legislative attempt to

define value for purposes of taxation has distorted the relationships of many elements of value, and has intermixed methods of measuring value with elements and factors entering into any proper determination of value. The term "fair market value," while it is an intangible concept, has had a definite and well understood legal meaning over a very long period of years. The attempt to define that concept of value as being readily ascertainable by means of a formula "where applicable," has added to the misunderstanding.

*Id.* at 750-51, 178 N.W.2d at 761-62 (emphasis supplied).

The evidence in this case failed to establish that the valuation established by the County Board of Equalization was excessive or unreasonable. The judgment of the District Court must, therefore, be affirmed.

AFFIRMED.

BRODKEY, J., concurs in result.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. The majority has characterized the instant case as one in which the property owner is complaining that his property has been valued in excess of its actual value. Reaching that conclusion, the majority then determines that the judgment of the trial court must be affirmed because of the landowner's failure to introduce evidence that would prove that the valuation placed upon the landowner's property was, in fact, in excess of its actual value. If, indeed, this was a case involving solely the issue of excessive valuation, I would agree with the authorities cited by the majority and the conclusion reached therein.

As I see the case, however, the issue of actual value or of value in excess of its actual value is not

involved. Rather, I see this to be a case involving a situation wherein the landowner's property has not been valued equally and proportionately to all other similar property in the county. Under such a circumstance, I believe an entirely different rule must apply. See Neb. Const. art. VIII, § 1.

The property owner maintains that the land in question has been classified by the county assessor as irrigated land and, as such, is valued at $565 per acre when, in fact, the property in question is nonirrigated land and should be so classified by the county assessor and valued at $445 per acre. While neither the stipulation entered into by the parties nor the pleadings in this case are as clear or concise as they might be, they are nevertheless sufficient to create an issue on equalization and not on valuation. The case, therefore, being one involving disproportionate valuation among property owners of like property, the issue of actual value and the introduction of evidence showing actual value is not necessary. What is necessary is a showing that the property has been improperly classified and, thus, assessed in accordance with an improper measure and other or different than similar property in the county. It may very well be that all the property of similar type in the county is undervalued. That does not resolve the issue.

The U.S. Supreme Court, in the now famous case of *Sioux City Bridge v. Dakota County,* 260 U.S. 441 (1923), after determining that appellant's bridge had been assessed at a higher percentage of actual value than other property in the county, though perhaps less than its actual value, said, in part:

> [Our] conclusion is based on the principle that where it is impossible to secure both the standards of the true value, and the uniformity and equality required by law, the latter requirement is to be preferred as the just and ultimate purpose of the law. In sub-

stance and effect the decision of the Nebraska Supreme Court in this case upholds the violation of the Fourteenth Amendment to the injury of the Bridge Company. We must, therefore, reverse its judgment.
*Id.* at 446-47.

I, likewise, am of the opinion that the stipulation in this case makes it clear that had the property been classified as nonirrigated land, as opposed to irrigated land, it would have been valued other than it was. Because the evidence, in my mind, establishes that this property is not irrigated but rather, in fact, is nonirrigated, I believe that the appellant has shown that she is being discriminated against by reason of the classification and, therefore, is entitled to the relief sought. I would reverse and remand the case with directions to assess the property as nonirrigated land.