RICHMAN GORDMAN STORES, INC., ET AL., APPELLANTS, v. BOARD OF EQUALIZATION OF ADAMS COUNTY, NEBRASKA, APPELLEE.

234 N.W.2d 447

Filed May 27, 1983.   No. 82-383.

James A. Beltzer of Luebs, Dowding, Beltzer, Leininger & Smith, for appellants.

Arthur C. Toogood, Adams County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

Richman Gordman Stores, Inc., and Hastings Western Mall appeal from a judgment of the District Court affirming the action of the Adams County Board of Equalization dismissing the appellants' protests involving the assessment of real estate for tax purposes in 1980 and 1981.

The property involved is a concrete block building containing approximately 66,000 square feet and erected upon an irregular tract having an area of approximately 7 acres. The property is located on South Burlington Avenue in Hastings, Nebraska, and is owned by Hastings Western Mall, a joint venture. The building was constructed sometime prior to 1976 and was originally occupied by a Tempo store and a number of smaller shops. It is presently occupied by two tenants: Richman Gordman Stores, Inc., which operates a "½ Price Store" on the property, and Nash Finch, Inc., which operates "econofoods" on the property. The Richman Gordman lease obligates the tenant to pay a portion of the real estate taxes.

All real estate in Adams County was reappraised in 1977. The value of the property at that time was determined to be $889,895. In 1979 the State Board of Equalization and Assessment ordered that the value of all residential property, commercial industrial property, and farm structures be increased 29 percent for assessment purposes. In 1980 the property was assessed at $1,160,871.43. In 1981 a dock was installed on the property and the value was increased to $1,164,471.43.

Protests were filed in 1980 and 1981, but the county board of equalization granted no relief. Appeals were taken to the District Court, where the cases were consolidated. The trial court found generally for the county board of equalization and dismissed the appellants' petition.

An appeal from a county board of equalization involving the valuation of real estate for tax purposes is tried de novo as an equitable proceeding. *Hastings Building Co. v. Board of Equalization*, 212 Neb. 847, 326 N.W.2d 670 (1982); *Beaver Lake Assn. v. County Board of Equalization*, 210 Neb. 247, 313 N.W.2d 673 (1981). The review in this court is de novo upon the record.

Although the petition filed in the District Court alleged that the property was assessed in excess of its actual value and its assessment had not been properly equalized with other property, the only issue upon the appeal is whether the property was assessed in excess of its actual value for 1980 and 1981.

All real property is to be assessed at its actual value. Neb. Rev. Stat. § 77-201 (Reissue 1981). Actual value, market value, and fair market value mean exactly the same thing for purposes of taxation. *Id.*; *Beaver Lake Assn.*, *supra*.

If the effect of an increase in valuation ordered by the State Board of Equalization and Assessment is to raise the assessed value of a particular property above its actual value, the remedy of the taxpayer is before the county board of equalization. *S. S. Kresge Co. v. Jensen*, 164 Neb. 833, 83 N.W.2d 569 (1957).

In an appeal from a county board of equalization on the ground that the property has been valued in excess of actual value, the sole issue to be determined is the actual value of the property. *Otradovsky v. Board of Equalization*, 206 Neb. 559, 294 N.W.2d 334 (1980); *Chudomelka v. Board of Equalization*, 187 Neb. 542, 192 N.W.2d 403 (1971).

Any presumption that the value fixed by the board

of equalization was correct disappears when there is competent evidence to the contrary. *Hastings Building Co.*, *supra*; *Beaver Lake Assn.*, *supra.* Once the presumption is destroyed, the burden is upon the taxpayer to show that the value of his property was arbitrarily or unlawfully fixed in an amount greater than actual value. *Hastings Building Co.*, *supra*; *Riha Farms, Inc. v. County of Sarpy*, 212 Neb. 385, 322 N.W.2d 797 (1982); *Rien v. Board of Equalization*, 190 Neb. 481, 209 N.W.2d 144 (1973). The reasonableness of the valuation then becomes a question of fact to be determined from the evidence. *Otradovsky, supra.*

The appellants called as an expert witness Charles A. Douthit, a real estate broker specializing in the appraisal of real estate. Using the market approach, income capitalization, and reproduction cost less depreciation methods, Douthit testified that the value of the property was $845,000 as of December 11, 1981. Douthit testified in detail concerning the methods he used in making his appraisal, and also testified concerning the condition of the building and the parking lot. According to Douthit, the building and parking lot have deteriorated to some extent and require repairs to restore them to a suitable condition.

The county board of equalization called the county assessor and the appraiser who had valued the property in 1977 as witnesses. The county assessor placed a value of $1,519,808 on the building, using the Marshall-Swift manual. This is a cost of reproduction less depreciation method, which amounts to a mathematical computation once the cost of reproduction and rate of depreciation are assumed.

Dean L. Vahlkamp, who was employed by Western Appraisals and Surveys at the time of the 1977 reappraisal, testified that the fair market value of the property was $899,895 as of January 1, 1977. The appraisal made at that time utilized market infor-

mation and other data, such as rentals and expense data, and was a complete appraisal.

Vahlkamp "recalculated" the value of the improvements as of June 1980 by reestimating the replacement cost new and estimating depreciation to be 26 percent. By this method he arrived at a value of $1,193,261 for the improvements. Vahlkamp conceded that he had merely "plugged" figures into a Marshall-Swift formula. In order to determine fair market value for tax purposes, he testified that he would "most definitely" want to go through the income approach and the market data approach.

As we view the record, the only satisfactory evidence of the actual value of the property in 1980 and 1981 was the testimony of the expert witness Douthit. We conclude that the judgment of the District Court is not supported by the evidence.

The judgment is reversed and the cause remanded with directions to fix the actual value of the property for tax purposes in 1980 and 1981 at $845,000.

REVERSED AND REMANDED
WITH DIRECTIONS.