772

IN RE VALUATION AND EQUALIZATION OF REAL ESTATE IN THE STATE OF NEBRASKA FOR 1969.

COUNTY OF HOOKER, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

COUNTY OF THOMAS, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

COUNTY OF GRANT, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

COUNTY OF CHERRY, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

COUNTY OF BLAINE, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

E. H. SHOEMAKER, JR., ET AL., COUNTY OF MCPHERSON, NEBRASKA, APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

E. H. SHOEMAKER, JR., ET AL., COUNTY OF ARTHUR, NEBRASKA, APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

E. H. SHOEMAKER, JR., ET AL., COUNTY OF LOGAN, NEBRASKA, APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

178 N. W. 2d 785

Filed July 17, 1970. Nos. 37416, 37417, 37419, 37420, 37421, 37424, 37425, 37426.

Thomas O. David, H. Alan Curtiss, Richard L. Spittler, Joseph J. Divis, and McGrath, North, Nelson, Shkolnick & Dwyer, for appellants.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Mason, Knudsen, Berkheimer & Endacott, for amicus curiae.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL and TESAR, District Judges.

BOSLAUGH, J.

The State Board of Equalization and Assessment ordered the Counties of Hooker, Thomas, Grant, Cherry, Blaine, McPherson, Arthur, and Logan to increase the value of the agricultural land by 33 percent for 1969. Five of the counties and landowners in three of the counties have appealed. The appeals were consolidated for briefing and argument in this court.

The orders were made following notice and a hearing before the board. The board found the indicated ratio for agricultural land in each of the counties to be as follows:

| County | Indicated Ratios | Increase | Resulting Ratio |
|---|---|---|---|
| Hooker | 26 | 33% | 34.58 |
| Thomas | 20 | 33% | 26.60 |
| Grant | 20 | 33% | 26.60 |
| Cherry | 19 | 33% | 25.27 |
| Blaine | 20 | 33% | 26.60 |
| McPherson | 26 | 33% | 34.58 |
| Arthur | 20 | 33% | 26.60 |
| Logan | 20 | 33% | 26.60 |

The counties involved are located in the north central part of the state in an area generally known as the Sandhills. Between 75 percent and 90 percent of the land in these counties is grassland and is generally described in the record as Class VI- land. The controversy centers around the valuation of such land.

Arthur, McPherson, Grant, Hooker, Thomas, and Blaine Counties were reappraised in 1966 by the Brandt

Appraisal Company, and Class VI- land was valued at $33 per acre. In an appraisal of Cherry County by the same company in 1967, Class VI- land was valued at $30 per acre.

The 1966 Brandt Appraisal was used by the board as a basis for equalization in 1966 and is discussed in Hanna v. State Board of Equalization & Assessment, 181 Neb. 725, 150 N. W. 2d 878. The appraisal was severely criticized in the record in that case and this court reversed the orders of the board which had increased valuations upon the basis of that appraisal.

In addition to the 1966 and 1967 Brandt Appraisals, the board in these cases had before it an appraisal study made in June 1969 by the R. C. Walters Company, Inc., pursuant to a contract with the State Tax Commissioner. The Walters Appraisal Study valued Class VI land at $45 per acre.

The Walters Appraisal Study used a different land classification than was used in the Brandt Appraisals. Brandt defined Class VI- land as requiring 20 acres to support one animal unit per year. Walters assumed a 5-month grazing season and defined Class VI land as requiring 10 acres per animal unit. Although there is no direct correlation between the Brandt Appraisals and the Walters Appraisal Study, the record indicates that Class VI land in the Walters Appraisal Study was intended to approximate Class VI- land in the Brandt Appraisals.

The record is convincing that the board based its orders in these cases on the 1966 Brandt Appraisal Study. The Walters Study tends to support the board's conclusions that the valuation of agricultural land in these counties was low, but it does not fully sustain the action of the board in these cases.

When the record is considered as a whole it appears that the board raised Thomas, Grant, Cherry, Blaine, Arthur, and Logan Counties to the approximate level of Hooker and McPherson Counties before any increase

was applied. The board then applied the same percentage increase to Hooker and McPherson Counties without making any adjustment for the difference in the indicated ratios. The order on its face shows that the board disregarded its own finding. The action of the board as to Hooker and McPherson Counties was clearly arbitrary and must be reversed.

The action of the board in regard to Thomas, Grant, Cherry, Blaine, Arthur, and Logan Counties does not appear to be prejudicial since after the increase has been applied, these counties remain well below the average or median ratios for the other counties. See County of Loup v. State Board of Equalization & Assessment, 180 Neb. 478, 143 N. W. 2d 890. As to these counties, on the record before us, we are unable to say that the action of the board was arbitrary, capricious, or prejudicial.

The orders as to Thomas, Grant, Cherry, Blaine, Arthur, and Logan Counties are affirmed. The orders as to Hooker and McPherson Counties are reversed.

AFFIRMED IN PART, AND IN PART REVERSED.

SPENCER, J., and TESAR, District Judge, concur in the result.

SMITH, J., votes to affirm the orders in all of these eight cases.

WHITE, C. J., and CARTER, J., took no part in the consideration of or decision in these cases.