MUNICIPAL UNIVERSITY OF OMAHA, NEBRASKA, A COR-PORATION, APPELLEE, V. COUNTY BOARD OF EQUALIZATION OF DOUGLAS COUNTY ET AL., APPELLANTS.

151 N. W. 2d 924

Filed June 23, 1967. No. 36545.

Donald L. Knowles, Arthur D. O'Leary, James M. Murphy, and Paul F. Peters, for appellants.

Wm. Ross King and Seymour L. Smith, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Appellee herein, hereinafter referred to as University, secured a permanent injunction enjoining appellants, hereinafter referred to as Board, from reducing the 1967 mill levy of University from 2.0 mills to 1.71 mills, and requiring Board to correct and place upon the official records a levy of 2.0 mills. Appellants perfected an appeal to this court.

The original valuation determined by the county assessor for University was $679,128,415. Subsequently, the State Board of Equalization and Assessment increased that valuation to $798,654,930. Prior to this increase, University certified a tax levy of 2.0 mills on the dollar, which, on the original valuation would have produced $1,316,150. That amount on the increased valuation could be raised by a 1.71 mill levy, so the Board reduced the certified levy to 1.71 mills. This action resulted.

Subsequently, in City of Omaha v. State Board of Equalization & Assessment, *ante* p. 734, 150 N. W. 2d 888, this court reversed the action of the State Board increasing the valuation, so it is obvious that if the reduced mill levy is sustained, University would receive much less than its anticipated revenue, and its operations would be very seriously impaired.

We consider the following issues raised by Board:

"I. The district court erred in holding that there is no statutory power in the County Board of Equalization to reduce a mill levy certified to it.

"II. The District Court erred in enjoining the County Board of Equalization from certifying the levy of the Municipal University of Omaha at any figure other than two mills.

"III. The District Court erred in exercising equitable jurisdiction when the plaintiff had an adequate remedy at law."

The first two assignments of error are answered by State ex rel. City of Omaha v. Lynch, *ante* p. 810, 151 N. W. 2d 278, in which we held: "The country board of equalization can exercise only such powers as are expressly granted to it by statute and statutes conferring power and authority upon the county board of equalization in these circumstances are strictly construed. * * *

" 'The levy of a tax is not a judicial function, nor is it merely the ministerial action of ascertaining the rate per cent; but it is a legislative function to be exercised only by the state or some inferior political division to which the state has delegated the power.' "

In Ratigan v. Davis, 175 Neb. 416, 122 N. W. 2d 12, we determined that the authority to levy a tax for university purposes was deemed to flow directly from the Legislature, and that the board of regents of University was authorized to certify the amount of the levy to the city council of the city of Omaha to be levied upon all tangible property within the district.

In Carlberg v. Metcalfe, 120 Neb. 481, 234 N. W. 87, the power of the board of regents of University to certify the amount of the tax levy for the support of University was challenged as unconstitutional. We there held that although the regents levied the tax, and the functions of the city council were administrative only, the electors of the city having consented to the delegation of the power to tax to the board of regents, the delegation of the power could not be questioned, and the act was constitutional.

There is no question the power to certify the tax levy is granted by the Legislature to the board of regents of

University. University, in full compliance with the law, certified a levy of 2.0 mills. The certification was within the authority granted by the Legislature and there was no power in the Board to act other than in compliance with the certification.

Board's action was premised on the assumption that because the levy would produce revenue in excess of University's requirements, its action was proper. In view of our action in City of Omaha v. State Board of Equalization & Assessment, *ante* p. 734, 150 N. W. 2d 888, it is obvious that a levy of 2.0 mills will not produce revenue in excess of University's requirements. In any event, however, this point is immaterial herein. The relation of revenue to be produced, and the amount of levy duly certified by the board of regents of University is of no concern to Board if within the statutory limit. By virtue of section 14-1317, R. S. Supp., 1965, the board of regents of University is authorized to certify a levy not to exceed 2.0 mills. Said section specifically provides: "If in any year the amount so certified and collected is not needed for the purposes of such university, the balance shall be credited to the sinking fund of such university to be used for additional buildings or other necessary permanent equipment; * * *." From the foregoing, it is obvious that University may levy and collect taxes for purposes other than its day-by-day operation.

Section 14-1317, R. S. Supp., 1965, is further buttressed by section 14-1319, R. R. S. 1943, as follows: "The provisions of sections 14-1301 to 14-1320 and all grants of power, authority or rights herein made to cities adopting the provisions of said sections and to boards of regents created under the provisions thereof shall be liberally construed, * * *."

Board's last assignment is that University had an adequate remedy at law. We do not agree that mandamus would have been as practical and efficient as this equitable action. In Best & Co., Inc. v. City of Omaha, 149

Neb. 868, 33 N. W. 2d 150, we held: "An adequate remedy at law means a remedy which is plain and complete, and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."

Immediate action was imperative to prevent the county clerk from extending the unlawful reduction upon the tax lists. If this action had not been enjoined, the injury to University would have been irreparable when the valuation was decreased. As University argues, Board had to take the action to restore the 2.0 mills in order for the clerk to complete the tax lists and the treasurer to send out the applicable tax notices. Equity was able to provide by decree for the escrow of the .29 percent until the litigation was determined, thus preventing irremediable consequences to University.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.