AT&T INFORMATION SYSTEMS, INC., ET AL., APPELLANTS, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

467 N.W.2d 55

Filed March 22, 1991.    Nos. 89-965 through 89-971.

Norman H. Wright, John K. Boyer, and Amy S. Bones, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellants.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.
These are appeals from the August 15, 1989, findings and

order of the State Board of Equalization and Assessment (State Board), denying the claims of appellants, which are locally assessed taxpayers that have requested the State Board to equalize their personal property. The State Board denied the claims for lack of standing, among other reasons. There were 180 locally assessed taxpayers that appealed the finding to this court. Of those appeals, 28 were dismissed pursuant to stipulations by the parties concerned, leaving 152 cases on appeal.

Pursuant to our order of September 11, 1989, the parties filed "cases stated" in accordance with Neb. Ct. R. of Prac. 5L (rev. 1989), separately setting forth the rulings of the State Board complained of by the appellants and the exceptions and contentions of the parties with respect to those issues.

On December 1, 1989, we ordered all locally assessed appellants to show cause why their appeals should not be dismissed for want of standing to appear before, or to appeal from, the State Board.

For the purpose of this opinion, in view of a community of issues and counsel, we have consolidated the appeals of AT&T Information Systems, Inc. (case No. 89-965); AT&T Technologies, Inc. (case No. 89-966); Gulf Central Storage & Terminal Co. (case No. 89-967); Koch Gathering Systems, Inc. (case No. 89-968); Koch Materials Company (case No. 89-969); Midlands International Trucks, Inc. (case No. 89-970); and Vickers, Inc. (case No. 89-971) for disposition.

In their response to the order to show cause, the appellants generally argue that they had standing to appear before the State Board pursuant to this court's decision in *Laflin v. State Board of Equalization and Assessment*, 156 Neb. 427, 56 N.W.2d 469 (1953). Citing *Laflin* and Neb. Rev. Stat. §§ 77-505 and 77-506 (Reissue 1990), the State Board contends it did not have jurisdiction to rule upon requests for the equalization of individual assessments. There is a difference between standing to appear before the State Board and the jurisdiction of the State Board to entertain a particular request.

In *Laflin v. State Board of Equalization and Assessment, supra*, a landowner in Johnson County appealed the action of the State Board in refusing to properly equalize the assessment

of farmland "in the various counties of the state" for the tax year 1952. This court held that

> an individual taxpayer assessed on "any class, classes or kinds of property, personal, real, or mixed in any county or tax district," is a person affected within the meaning of section 77-510, R.R.S. 1943, when the [State] Board fails in its duty to raise or lower the valuations of property within the county in which his property is situated . . . .

*Laflin, supra* at 429, 56 N.W.2d at 472.

The appellants appear to argue that under the holding in *Laflin*, the State Board has jurisdiction to consider a request to equalize the valuations of business personal property assessed in a particular county with those of specific centrally assessed taxpayers. However, the significance of Laflin's being a landowner in Johnson County and his appearance before the State Board in the *Laflin* case goes to the issue of standing, not jurisdiction. Section 77-505 concerns the jurisdiction of the State Board in discharging its duty to equalize all property statewide.

The dispositive issue presented in these appeals is what kind of affirmative action the State Board is *authorized to perform* with respect to the equalization of locally and centrally assessed business personal property. Section 77-505 provides that the State Board "shall annually *review the abstracts* of assessments of real and personal property submitted by the county assessors, *examine the valuation of all other property which is valued by the state,* and equalize such valuations for tax purposes within the state." (Emphasis supplied.) Section 77-506 provides that pursuant to § 77-505, the State Board "shall have the power to increase or decrease the actual valuation of a class or subclass of real or personal property of any county or tax district." Finally, Neb. Rev. Stat. § 77-506.01 (Reissue 1990) provides that in making any percentage adjustment to the valuation of property pursuant to § 77-506, the State Board may make its adjustment "so that the valuation of the property compares to the aggregate level of value of all taxable property in the state."

The rights and remedies of a taxpayer whose property is assessed locally are separate and distinct from those of a

taxpayer whose property is centrally assessed. It is important that this distinction be recognized and understood.

A taxpayer has the right to have his property assessed at actual value. If his property is assessed at a value in excess of its actual value, or in excess of that value at which others are taxed, then the taxpayer has a right to relief. See, Neb. Const. art. VIII, § 1; *Kearney Convention Center v. Board of Equal.*, 216 Neb. 292, 344 N.W.2d 620 (1984); *Sioux City Bridge v. Dakota County*, 260 U.S. 441, 43 S. Ct. 190, 67 L. Ed. 340 (1923). In this regard, locally assessed taxpayers must seek relief from the county board of equalization.

It is the function of the county board of equalization to determine the actual value of locally assessed property for tax purposes. *S. S. Kresge Co. v. Jensen*, 164 Neb. 833, 83 N.W.2d 569 (1957). In carrying out this function, the county board must give effect to the constitutional requirement that taxes be levied uniformly and proportionately upon all taxable property in the county. *Id.* Individual discrepancies and inequalities within the county must be corrected and equalized by the county board of equalization. See, Neb. Rev. Stat. §§ 77-1502 et seq. (Reissue 1990); *S. S. Kresge Co. v. Jensen, supra.* One aggrieved by the action of a county board of equalization may appeal to the district court pursuant to § 77-1510. A taxpayer who fails to pursue this remedy may not object to the valuation of his separate property for taxation purposes, and a collateral attack may not be made thereon unless the assessment is void, willfully discriminatory, or the result of fraud. See *S. S. Kresge Co. v. Jensen, supra.* See, also, *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987).

The State Board values and equalizes the property of centrally assessed taxpayers pursuant to § 77-505. In addition to performing that function, the State Board reviews the abstracts of assessments of real and personal property submitted by the county assessors. However, in reviewing the county abstracts the State Board deals only with the values of the taxable property of a county in the aggregate. Although the State Board has the power to "increase or decrease the actual valuation of a class or subclass of real or personal property of any county or tax district" pursuant to § 77-506, it may do so

only to change the value of the taxable property of a county in the aggregate so that there will be equalization between counties and centrally assessed property considered in the aggregate. Thus, locally assessed taxpayers do not have the right under § 77-506 to request that the State Board equalize their individual property, as part of a class or subclass, with a class or subclass of centrally assessed property or similar property in other counties.

The record shows that the appellants in these cases requested the following relief from the State Board: "[Appellants] hereby request that the State Board . . . direct the individual and collective counties of the State of Nebraska to equalize all of the personal property in the respective counties with the personal property of car lines, railroads, pipelines and any other similarly situated classes of property."

In support of their requests, the appellants advised the State Board that their personal property located in the State of Nebraska was taxed by the counties at 100 percent of its actual value. The appellants next stated that the personal property of centrally assessed taxpayers "will not be taxed for 1989" as the result of court orders in *Trailer Train Co. v. Leuenberger,* 885 F.2d 415 (8th Cir. 1988); *Burlington Northern RR. Co. v. Leuenberger,* No. CV87-L-565 (D. Neb. Dec. 10, 1987); *Oklahoma Gas & Electric Co. v. Leuenberger,* No. CV88-L-52 (D. Neb. Jan. 26, 1988); and *Northern Natural Gas Co. v. State Bd. of Equal.,* 232 Neb. 806, 443 N.W.2d 249 (1989), *cert. denied* 493 U.S. 1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990). The appellants concluded that "if all other taxpayers are not equalized with these entities, we [appellants] will be denied our constitutional right to be taxed uniformly and proportionally with property of the same subclass."

In their appearances before the State Board, the appellants did not request that the aggregate value of all taxable property in their counties be adjusted. Their request was that the valuation of all personal property in the counties be equalized with a particular class or subclass of centrally assessed property. The State Board did not have jurisdiction to grant this request.

Under § 77-505, the State Board functions like a county board when it values and equalizes centrally assessed property.

The centrally assessed taxpayers, as a group, are a separate entity, which might be analogized to an extra county.

At its annual meeting, the State Board also performs a statewide function, equalizing the valuations of all property within the state. In this process, the State Board deals in aggregates, and all the appellants agree the State Board has no jurisdiction to rule upon requests for the equalization of individual assessments. The language of § 77-505 contemplates that centrally assessed property is to be treated in the aggregate when the State Board equalizes valuations "for tax purposes within the state." This approach is consistent with our holding in *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989), that a pipeline company was entitled to have its centrally assessed property equalized with centrally assessed property owned by railroad and car companies.

The appellants in these cases had standing to appear before the State Board, but the State Board did not have jurisdiction to grant the relief the appellants sought.

Although § 77-506 gives the State Board jurisdiction "to increase or decrease the actual valuation of a class or subclass of real or personal property of any county or tax district," that provision does not give the State Board jurisdiction to "pierce" the county abstracts before it at the request of a locally assessed taxpayer to equalize the specific property of all the taxpayers in a cognizable class or subclass in a county with specific classes of similar property throughout the state. In other words, under § 77-505, the State Board does not have jurisdiction to rule upon requests for the equalization of individual assessments and did not have jurisdiction to grant the relief requested in these cases. Accordingly, this court does not have jurisdiction over the matter, and the appeals are dismissed.

APPEALS DISMISSED.