JOHN DAY COMPANY, A NEBRASKA CORPORATION, ET AL.,
APPELLANTS, v. DOUGLAS COUNTY BOARD OF EQUALIZATION,
DOUGLAS COUNTY, NEBRASKA, APPELLEE.

497 N.W.2d 65

Filed March 19, 1993.    Nos. S-90-1092, S-90-1093, S-90-1094, S-90-1095, S-90-1096.

Reed A. Grandgenett, of Gaines, Mullen, Pansing & Hogan, for appellants.

James S. Jansen, Douglas County Attorney, Edwin T. Lowndes, and John E. Huber for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

The five appellants are Nebraska taxpayers which separately own personal property located within Douglas County. In 1990, appellant taxpayers timely filed protests with the Douglas County Board of Equalization (county board), requesting that their locally assessed personal property be valued at zero for tax purposes, based on the Nebraska Constitution, the U.S. Constitution, and recent rulings by this court regarding the valuation of centrally assessed railroad, pipeline, carline company, and agricultural property. The county board denied the protests, based on its opinion that as a county board, it lacked subject matter jurisdiction to consider centrally assessed property valuations when determining the constitutionality of locally assessed personal property valuations.

On July 6, 1990, appellant taxpayers filed petitions on appeal in the Douglas County District Court. The county board demurred to the petition based on claims of (1) lack of subject matter jurisdiction, (2) a defect of party defendants, and (3) the failure of the petition to state facts sufficient to constitute a cause of action. The district court sustained the demurrers, based on the county board's asserted lack of jurisdiction, and dismissed the petitions. Appellant taxpayers now appeal the district court's dismissal of their petitions, assigning only one error: the court's ruling that the Douglas County Board of Equalization did not have jurisdiction to consider the valuation of centrally assessed property located within Douglas County in determining the constitutionality of the valuation of their property located in Douglas County.

During the time relevant to when the protests were filed in this action, the authority of Nebraska county boards of equalization was governed by Neb. Rev. Stat. § 77-1501 et seq. (Reissue 1990). As stated in § 77-1504:

> The county board of equalization shall fairly and impartially equalize the valuation of individual tracts, lots, or parcels of real and personal property in the county so that all real and personal property is assessed uniformly

and proportionately. The county board of equalization may consider and correct the assessment of any tract, lot, or parcel of real property or the assessment of any or all items of personal property by raising, after due notice has been given to the owner or agent at his or her last-known address, or by lowering the assessment of such property. No action shall be taken by the county board of equalization pursuant to this section before April 1 nor after May 31 of each year.

For purposes of equalization of the valuation of any protested real or personal property, the county board of equalization shall make its adjustment so that the valuation of the protested property compares to the aggregate level of value of all taxable property in the county.

Additionally, § 77-1503.01 stated that "[f]or purposes of sections 77-1504 and 77-1506.02, parcels or items of property or classes of property shall mean *locally* assessed land, improvements, and personal property. *Any property valued by the Tax Commissioner shall not be subject to equalization by the county board of equalization under sections 77-1504 and 77-1506.02.*" (Emphasis supplied.)

Examples of property subject to valuation by the Tax Commissioner include railroad personal property, see Neb. Rev. Stat. § 77-601 (Reissue 1990), and public service entities, including pipelines, see Neb. Rev. Stat. § 77-801 et seq. (Reissue 1990).

Also at this time, the authority of the State Board of Equalization and Assessment (State Board) was governed by Neb. Rev. Stat. § 77-501 et seq. (Reissue 1990). In particular, § 77-505 required that

[t]he State Board of Equalization and Assessment shall annually review the abstracts of assessments of real and personal property submitted by the county assessors, examine the valuation of all other property which is valued by the state, and equalize such valuations for tax purposes within the state. For this purpose the board shall meet at the State Capitol as soon as the abstracts of assessments have been submitted by the county assessors.

The board shall have the power to adjourn from time to time until the equalization process is complete.

Consistent with these statutes and our decision in *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987), appellant taxpayers argue that when a taxpayer protests the taxation of property located in a particular county, the taxpayer's *exclusive* remedy is by protest to a county board of equalization, then an appeal to the district court, and ultimately an appeal to this court. Claiming that the district court erred in determining that § 77-505 vests jurisdiction in the State Board, appellant taxpayers assert that § 77-505 merely specifies the roles of the State Board in dealing with intercounty equalization and with centrally assessed taxpayers. Appellants emphasize that there is nothing in the language of this statutory section which prohibits a county board of equalization from examining or considering the valuation of centrally assessed property located within the county in determining whether the valuations of property located exclusively within the county are uniform, proportionate, and within constitutional limitations. Finally, the appellants maintain that even though § 77-1503.01 prohibits a county board from *equalizing* centrally assessed property, this statute does not prohibit a county board from *considering* the State Board's valuation of centrally assessed property as a basis for comparison of property located exclusively within Douglas County to ensure the constitutional requirements of uniformity and proportionality.

Conversely, the county board argues that the statutory limits on the types of property subject to equalization by the county board in § 77-1503.01 prohibit a county board from equalizing locally assessed property with property assessed by the State. The county board asserts that under § 77-505, the State Board has been granted the sole authority to equalize locally assessed property with property that is valued by the State. Pointing out that the State Board does not meet until after the county boards have completed their duties, the county board emphasizes that it would be hard pressed to equalize locally assessed property with values that have yet to be determined by the State.

In contrast to the appellants' assertions that they are barred from appearing before the State Board, the county board

maintains that appellant taxpayers should have appeared before the State Board to demand equalization under the provisions of § 77-510. Section 77-510 provided that

> [f]rom any final decision of the State Board of Equalization and Assessment with respect to the valuation of any real or personal property, any person, county, or municipality affected thereby may prosecute an appeal to the Supreme Court. Upon demand therefor, the board shall prepare and certify a transcript of its records and proceedings involved in such decision. Notice of intention to obtain a review shall be filed within ten days from the date of the order by the board, and when docketed the cause shall be given precedence by the Supreme Court over all civil cases.

The county board lastly asserts that even if the district court erred in sustaining the demurrers based on its finding that the county board lacked subject matter jurisdiction, the error was harmless because the appellants also failed to state sufficient facts to state a cause of action.

We recently addressed the separate jurisdictional powers of the county and state boards of equalization in *AT&T Information Sys. v. State Bd. of Equal.*, 237 Neb. 591, 467 N.W.2d 55 (1991). In *AT&T Information Sys.*, locally assessed taxpayers requested the State Board to equalize their personal property, but the State Board denied the claims for lack of standing. Although we held that the taxpayers did have standing to appear before the State Board, we found that the State Board did not have jurisdiction to grant the relief sought.

We first noted that

> [a] taxpayer has the right to have his property assessed at actual value. If his property is assessed at a value in excess of its actual value, or in excess of that value at which others are taxed, then the taxpayer has a right to relief. . . . In this regard, locally assessed taxpayers must seek relief from the county board of equalization.

237 Neb. at 595, 467 N.W.2d at 58.

We went on to observe that when the State Board reviews the county abstracts,

> the State Board deals only with the values of the taxable

property of a county in the aggregate. . . . Thus, locally assessed taxpayers do not have the right under § 77-506 to request that the State Board equalize their individual property, as part of a class or subclass, with a class or subclass of centrally assessed property or similar property in other counties.

237 Neb. at 595-96, 467 N.W.2d at 58.

Pointing out that the taxpayers in *AT&T Information Sys.* had not appeared before the State Board to request adjustment of the *aggregate* value of all taxable property in their counties, but that the taxpayers had instead requested that the valuation of all personal property in the counties be equalized with a particular class or subclass of centrally assessed property, we concluded by stating that

the State Board deals in aggregates, and . . . the State Board has no jurisdiction to rule upon requests for the equalization of individual assessments. The language of § 77-505 contemplates that centrally assessed property is to be treated in the aggregate when the State Board equalizes valuations "for tax purposes within the state."
. . .
. . . .

Although § 77-506 gives the State Board jurisdiction "to increase or decrease the actual valuation of a class or subclass of real or personal property of any county or tax district," that provision does not give the State Board jurisdiction to "pierce" the county abstracts before it at the request of a locally assessed taxpayer to equalize the specific property of all the taxpayers in a cognizable class or subclass in a county with specific classes of similar property throughout the state. In other words, under § 77-505, the State Board does not have jurisdiction to rule upon requests for the equalization of individual assessments . . . .

237 Neb. at 597, 467 N.W.2d at 59.

The decision in *AT&T Information Sys.* makes it clear that appellants, as taxpayers seeking equalization of their individual assessments, are precluded from seeking *individualized* relief from the State Board. However, *AT&T Information Sys.* points

out that appellants could appear before the State Board to request adjustment of the *aggregate* value of all taxable property in Douglas County. The decision in *AT&T Information Sys.* did not, however, indicate whether an "aggregate assessment" from the State Board was the sole remedy available for the taxpayers. Thus the determinative question remaining from *AT&T Information Sys.* relevant to this appeal is this: Can taxpayer owners of locally assessed personal property who seek equalization of the individual assessments on their property in consideration of centrally assessed personal property valuations request relief from a county board, or must they seek relief by way of aggregate adjustments from the State Board?

County boards of equalization can exercise only such powers as are expressly granted to them by statute, and statutes conferring power and authority upon a county board of equalization are strictly construed. *Municipal University of Omaha v. County Board*, 181 Neb. 881, 151 N.W.2d 924 (1967); *State ex rel. City of Omaha v. Lynch*, 181 Neb. 810, 151 N.W.2d 278 (1967). Even if appellants' assertion were true that nothing in the statutes governing the authority of county boards of equalization expressly prohibits a county board from "considering" centrally assessed property in assessing the value of locally assessed property, appellants fail to point out any express grant of authority that would permit such an act.

Generally, taxpayers may question either the assessed actual value of property, the lack of proportionate and uniform valuation of property, or both issues in a proceeding before a county board of equalization. *Chief Indus. v. Hamilton Cty. Bd. of Equal.*, 228 Neb. 275, 422 N.W.2d 324 (1988). However, the parcels or items of property or classes of property that a county board may consider or of which it may correct the assessment, as provided by § 77-1504, is limited by the language of § 77-1503.01 to *locally assessed* land, improvements, and personal property. Stated otherwise, a county board of equalization is statutorily empowered and authorized to equalize only those assessments of countywide property of which the county has the authority to assess the value. §§ 77-1503.01 and 77-1504. The authority to equalize the

assessments of property among the various counties in the state has been reserved exclusively to the State Board. § 77-505.

The power of a county board of equalization to rectify the returns of assessors and change the assessments of property which has not been omitted or undervalued has long been statutorily limited to a set number of circumscribed days of each year. *Peter Kiewit Sons' Co. v. County of Douglas*, 161 Neb. 93, 72 N.W.2d 415 (1955); *Fromkin v. State*, 158 Neb. 377, 63 N.W.2d 332 (1954); *Farmers Co-operative Creamery & Supply Co. v. McDonald*, 100 Neb. 33, 158 N.W. 369 (1916); *Sumner & Co. v. Colfax County*, 14 Neb. 524, 16 N.W. 756 (1883); §§ 77-1502, 77-1504, and 77-1514. After the county abstracts of assessments are finalized, they are submitted to the State Board for review and equalization in relation to other county- and State-assessed valuations. §§ 77-505, 77-506.01, and 77-507.01. If a county board were to "consider" centrally assessed property valuations in relation to locally assessed property, as contemplated by the appellant taxpayers, it would alter the intracounty-to-statewide progressive nature of Nebraska's equalization process. Either the centrally assessed valuations to be "considered" would need to be previous years' values, which would defeat the purpose of assessing present values, or the county board would need to anticipate the valuations yet to be centrally assessed by the State. Recognizing that the requested relief appellants seek would create an anachronism in the respective functions of the county and state boards of equalization, we hold that Nebraska's statutory scheme of equalization does not confer such jurisdiction on the county board.

Citing our decision in *Banner County v. State Bd. of Equal.*, 226 Neb. 236, 411 N.W.2d 35 (1987), appellants contend that a county board of equalization may properly consider the values of similarly situated property from outside the county in valuing property located within the county. Appellant taxpayers' reliance on our decision in *Banner County, supra*, is misplaced. The controversy in *Banner County* surrounded the valuation of irrigated cropland for 1986. At issue was whether the county board improperly considered the values of land in adjoining counties, as set forth in the 1986 Nebraska

Agricultural Land Valuation Manual, when it adjusted the values of irrigated land in Banner County to achieve intracounty equalization. The Nebraska Department of Revenue compiled the land manual figures to reflect valuations for all agricultural land in Nebraska for the year 1986. These figures were made available to the county boards prior to the time adjustments were to be reported to the State Board for the 1986 year. Nothing in the valuation procedure utilized by the county board in *Banner County* required the county board to attempt to equalize property values in consideration of either previous years' valuations or current centrally assessed property valuations. Therefore, the actions of the county board in *Banner County* are irrelevant to the circumstances on this appeal and are not dispositive of the issues before us.

We hold that the county board did not have jurisdiction to consider the valuations of centrally assessed property in arriving at the value of appellant taxpayers' locally assessed personal property within Douglas County. By restricting the power of a county board to equalize only those assessments over which it had authority to assess the value, § 77-1503.01 took away the county board's authority to increase or decrease locally assessed property values in relation to other property located within the county whose value is centrally assessed. Furthermore, Nebraska's scheme of assessments and equalization contemplates concurrent valuations by each county within a specific timeframe. These valuations are then submitted by the county assessors to the State Board, which proceeds to collectively equalize the aggregate values of statewide taxable property. The grant of authority to a county board contemplated by the appellants would distort this plan and lead to disjointed intracounty and intercounty assessments by both county and state boards of equalization.

In conclusion, § 77-1504 does not confer jurisdiction on the county board to decrease the challenged assessed personal property values as requested. Consequently, neither the district court nor this court acquired jurisdiction over the matter, so the appeals must be dismissed.

APPEALS DISMISSED.