United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3765

R-D Investment Co., a Nebraska     *
Corporation; Lionsgate Partners, Ltd.,   *
a Nebraska Limited Partnership,     *
    *
        Appellants,     *   Appeal from the United States
    *   District Court for the
    v.     *   District of Nebraska
    *
Lancaster County; Lancaster County   *
Board of Equalization,     *
    *
        Appellees.     *

_____

Submitted: May 23, 1997
Filed: July 28, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Plaintiffs R-D Investment Co. and Lionsgate Partners, Ltd. appeal from an order
of the District Court[1] granting summary judgment in favor of defendants Lancaster
County and Lancaster County Board of Equalization and dismissing plaintiffs'

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

complaint. Plaintiffs asserted a claim under the Equal Protection Clause based on allegations that defendants refused to accord them property tax relief while allowing such relief to other similarly situated taxpayers. On appeal, plaintiffs argue that the District Court erred in granting summary judgment and that the case should be remanded for trial. Having reviewed the matter de novo, applying the well-settled summary judgment standards of Federal Rule of Civil Procedure 56, we affirm.

The undisputed facts are as follows. For the 1991 tax year more than 450 cases were filed by various taxpayers in the district court of Lancaster County challenging the county's assessment of taxes on their property. Several of these cases were filed by the taxpayers who are the plaintiffs in the present action.[2]

Counsel for the taxpayers in 119 of the other cases and counsel for the defendants recognized the existence of a substantial issue concerning the state district court's jurisdiction; two of the 119 cases were designated for decision on the issue of jurisdiction, with the understanding that the decision of the court would control all 119 cases. On cross-motions for summary judgment, the court decided that it had jurisdiction to hear the taxpayers' appeals. Thereafter, counsel for the defendants and counsel for the taxpayers in the 119 cases entered into stipulations of fact for each of those cases; in addition, each of the taxpayers in the 119 cases entered into agreements with the local taxing authorities establishing the terms of a mutually satisfactory resolution of the taxpayers' claims. As part of the agreement, all parties to the 119 cases waived their right to appeal any decision of the district court of Lancaster County.

---

[2]The 450 or so cases filed in the district court of Lancaster County were appeals from the Lancaster County Board of Equalization's decision to deny all of the approximately 9500 protests filed with the Board seeking to reduce the protesting taxpayers' property valuation to zero to "equalize" such property with other property in the county that was not taxed.

The 119 cases then were tried in the district court of Lancaster County pursuant to the joint stipulations of fact. In keeping with the agreement of the parties, the court entered decrees ordering reductions of 12.54% in the valuation of the properties of the taxpayers for the 1991 tax year in the 119 cases. Less than a week later, on March 8, 1994, the Nebraska Supreme Court dismissed the appeal in Gra-Gar Inc. v. Sarpy County Board of Equalization, No. S-93-703. The court dismissed the appeal for lack of jurisdiction, citing rule 7A(2) of the Nebraska Rules of Practice and Procedure in the Supreme Court and Court of Appeals, and referred to its decision a year earlier in John Day Co. v. Douglas County Board of Equalization, 497 N.W.2d 65 (Neb. 1993).[3] Upon learning of the Gra-Gar dismissal, and believing the issues in the case to be nearly identical to those in the pending appeals in Lancaster County, the county moved to dismiss the previously entered decrees for lack of jurisdiction. The Lancaster County district court denied this motion. Lancaster County did not appeal because it had promised, as part of its agreement with each of the taxpayers in the 119 cases, that it would not appeal any decision made by the district court.

At the time of the Gra-Gar dismissal, none of the remaining cases, including those of plaintiffs in the present case, had been resolved, although there had been earlier correspondence between plaintiffs' counsel and counsel for Lancaster County regarding a proposed resolution on the same basis as in the 119 cases. Several weeks after the Lancaster County district court denied the county's post-Gra-Gar motion to dismiss, plaintiffs' counsel wrote to counsel for the county asking whether plaintiffs' cases still could be resolved by settlement. In response, counsel for the county advised plaintiffs' counsel that based on Gra-Gar the county board had instructed him to contest

---

[3]In John Day Co. v. Douglas County Board of Equalization, the Nebraska Supreme Court held that, under Nebraska law, a county board of equalization "did not have jurisdiction to consider the valuations of centrally assessed property in arriving at the value of appellant taxpayers' locally assessed personal property" located within the county. 497 N.W.2d 65, 71 (Neb. 1993). Thus, the court held, neither the district court nor the supreme court had jurisdiction to hear the appeals, and so dismissed them.

all cases. (It is undisputed that the county board indeed did so instruct its counsel). At no time did plaintiffs ever submit to the county board stipulations of facts and agreements similar to the ones presented to the board by the taxpayers in the 119 cases in which decrees were entered.

Plaintiffs' pending state court cases eventually were terminated when the Lancaster County district court granted defendants' motions for summary judgment. The court held that it had no jurisdiction to hear the cases. All of the cases for the 1991 tax year are now terminated. Except for the taxpayers in the 119 cases, none of the taxpayers obtained any relief.

The District Court held that the undisputed facts establish that plaintiffs were not similarly situated compared to the other 119 taxpayers at the time defendants rejected plaintiffs' settlement overtures. By then, the Gra-Gar appeal had been dismissed, and upon learning of that ruling by the Nebraska Supreme Court defendants became aware that the legal landscape had changed. The District Court reasoned that "the Equal Protection Clause does not require the Defendants to 'settle' otherwise similar claims in a similar manner when the underlying law changes such that the second series of claimants are subject to a defense that the first series of claimants were not forced to confront." R-D Investment Co. v. Lancaster County, No. 95-3350, memorandum and order at 13 (D. Neb. Sept. 26, 1996). Accordingly, the court held that plaintiffs' rights under the Equal Protection Clause had not been violated, and granted defendants' motion for summary judgment.

Plaintiffs attack the District Court's holding and argue in a variety of ways that summary judgment was improperly granted. Having considered all of plaintiffs' arguments, we conclude that the decision of the District Court is correct, and the judgment of the District Court is affirmed on the basis of that court's well-reasoned memorandum opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.